IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

Vs.                                                    No. 09-40069-01-SAC

BOISY D. BAREFIELD, II,

                Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion for an order directing that he be removed from segregation and be placed in the general population at the detention facility in Leavenworth, Kansas, operated by the Corrections Corporation of America ("CCA"). (Dk. 23). The defendant has been detained pending trial pursuant to a detention order, 18 U.S.C. § 3142(e), entered by the magistrate judge on August 25, 2009. (Dk. 12). The defendant complains in his motion that he continues to be held in segregation at CCA due to a request from the United States Marshal's Office in Topeka, Kansas ("USM"). The defendant lists the restrictions and prohibitions imposed on him in segregation and argues his continued detention under these challenged conditions violates his Eighth Amendment right against cruel and unusual punishment. The government

responds first by disputing the defendant's characterization of his "challenged conditions" and then by explaining the USM requested the defendant's segregation because of his aggressive behavior displayed while at the Federal Courthouse in Topeka.

The day after the defendant's motion was filed, the court received from the defendant a personal letter complaining about inadequate medical care at CCA and his ongoing stay in segregation on grounds he disputes. In response to the letter, the court requested a report from the USM on the defendant's current custody status, medical needs and care at CCA. The court has received and reviewed that report.

On November 18, 2009, the court heard the defendant's motion to be removed from segregation. Counsel proffered a factual statement in support of the defendant's position, and the government presented the testimony of USM deputy Jerry Viera. The parties couched their written and oral arguments in the Eighth Amendment framework of whether the defendant's continued segregation is cruel and unusual punishment.

The defendant Barefield is currently in segregation as the result of a Prisoner Custody Alert Notice, Form USM-130 prepared by USM deputy Viera and received by CCA staff on August 18, 2009. The USM-

130 requests that the defendant be placed in segregation until further notice because of his violent tendencies displayed towards staff on August 18th and reflected in his criminal history. Two CCA officers brought the defendant and three or four other CCA inmates to the Federal Courthouse in Topeka on August 18, 2009. The defendant made his initial appearance that day before the magistrate judge. When restraints were being removed, one of the detainees began complaining about having to wait to use the restroom until after the female CCA officer had left the cell. Apparently agitated about the situation, the defendant injected himself into dispute and used profanity to express his disapproval. CCA officers instructed the defendant to be quiet and to sit down. The defendant cursed the officer, refused to obey, and stepped back into a fighting stance. Officers responded by putting the defendant back into restraints and by moving him into the fourth cell that was separated from the other cells by a door. From that cell, the defendant yelled and banged on the cell through much of the day.

That same day, Deputy Viera prepared and delivered the USM 130. Because of this incident, CCA disciplined the defendant with ten days of administrative segregation. After serving this ten-day segregation, the

3

defendant was released into general population for one day and then returned to segregation pursuant to the USM-130.  Other than an additional disciplinary ten-day segregation period imposed for covering his windows, the defendant has remained in segregation now for over 90 day days.  Deputy Viera testified he wrote the USM-130 because it was his opinion the defendant posed a danger to staff as shown by his behavior on August 18th and by his criminal history.

      The defendant argues that his continued confinement in segregation constitutes cruel and unusual punishment as his minimal life necessities are not being met.  The defendant complains that segregation denies him the opportunities for exercising more than one hour a day, watching television, attending worship services, having full access to library services, using a microwave, and having more than three showers a week.  Admitting that defendant's confinement is subject to more restrictions than others in CCA, the government counters that none of these restrictions, individually or together, amount to cruel and unusual punishment.  The defendant has a daily exercise period, has access to a library book cart, may request access to the law library, and may request weekly visits from the chaplain.

A pretrial detainee is "protected under the Due Process Clause rather than the Eighth Amendment." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002) (internal quotation marks and citation omitted). "[A] detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "[T]he pretrial detention contemplated by the Bail Reform Act is regulatory in nature, and [it] does not constitute punishment before trial in violation of the Due Process Clause." *United States v. Salerno*, 481 U.S. 739, 748 (1987). Consequently, the government "may subject him [detainee] to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." *Bell*, 441 U.S. at 536-37. A pretrial detainee is to be afforded "humane conditions of confinement by ensuring . . . the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee [his] safety." *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1188 (10th Cir. 2003) (internal quotation marks and citation omitted).

The record simply does not establish that the defendant is being denied any humane conditions of confinement or any of the basic

5

necessities of food, shelter, and medical care.[1]  The defendant remains in segregation pursuant to the USM request and on a finding that the defendant has violent tendencies posing a risk of danger to staff.  The

---

[1] In his correspondence with the court, the defendant claims he is being denied the basic necessities of medical care for "major health concerns" and "life threatening" conditions.  The first is that a crown and filling have come off a tooth that had a root canal and that he now has an "open hole in the middle of" his tooth.  The second is that he has blood in his stools and that he believes this is caused by "a problem in my digestive tract."   According to the government's memorandum, the defendant received medical treatment on October 6 and 12 for minor conditions.  The USM report includes attachments showing the defendant's requests to be tested and treated for blood in his stools and for another condition.  The CCA records furnished by the USM establish that the defendant is receiving treatment for both reported conditions.  There is no record of other requests by the defendant for medical care.  The court does not find that the CCA has ignored the defendant's requests for medical care or otherwise denied him of any basic medical care for a sufficiently serious condition.  "A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment."  *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir.2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).  "'Deliberate indifference' involves both an objective and a subjective component."  *Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir.2000).  For the objective component, a "prisoner must first produce objective evidence that the deprivation at issue was in fact 'sufficiently serious.'"  *Mata*, 427 F.3d at 751 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).  The subjective component requires "evidence of the prison official's culpable state of mind," which may be fulfilled by showing that the official "[knew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and she must also draw the inference." *Mata*, 427 F.3d at 751. (quotation omitted).

defendant's arguments do not offer cogent grounds for second-guessing trained staff's assessment that the defendant poses a risk of danger.  Nor does the evidence at the hearing sustain the defendant's position.  The court denies the defendant's motion, however, without prejudice to it being renewed at a later date and considered under the applicable law and analysis found in *Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1106-1107 (10th Cir. 2005), *opinion vacated in part on other grounds*, 449 F.3d 1097 (10th Cir.), *cert. denied*, 549 U.S. 1056 (2006).

IT IS THEREFORE ORDERED that the defendant's motion for an order directing that he be removed from segregation and be placed in the general population at CCA (Dk. 23) is denied.

Dated this 19th day of November, 2009, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge